JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Timothy Omar Hankins, Sr., | CASE NUMBER |
| --- | --- |
| PLAINTIFF(S) v. | CV21-02941-VAP (ASx) |
| Countrywide, | **ORDER RE REQUEST TO PROCEED** *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____     _____
Date                                United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ District Court lacks jurisdiction
- ☐ Legally and/or factually patently frivolous
- ☐ Immunity as to _____
- ☐ Other: _____

Comments:
See Attachment

April 14, 2021                       /s/ Alka Sagar
Date                                 United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

April 16, 2021                       Virginia A. Phillips
Date                                 United States District Judge

CV-73 (08/16)                        ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**ATTACHMENT TO REQUEST TO PROCEED IN FORMA PAUPERIS**
**(FORM CV-73)**

<u>Hankins v. Countrywide</u>
Case No. 2:21-cv-02941-VAP-AS

On April 4, 2021, Plaintiff Timothy Omar Hankins, Sr., filed a *pro se* action in the Central District of California. (Dkt. No. 1). Plaintiff also filed a Request to Proceed *In Forma Pauperis* ("IFP Request"). (Dkt. No. 2). Plaintiff lists his present address as North Myrtle Beach, South Carolina. (Dkt. Nos. 1, 2). In his pleading, Plaintiff appears to seek a "Writ of Mandamus," but the header on the first page of his pleading references a closed case, Central District of California "Case No. 2:13-cv-08833-CAS-AGR." Plaintiff names as a "respondent" only an unidentified entity named "Countrywide." (Dkt. No. 1 at 1). Plaintiff additionally alleges that his "three minor children are entitled to relief." (*Id.* at 8, 11).

As set forth below, the Court finds that Plaintiff has failed to allege facts, rather than mere conclusions, to support any basis for the court's jurisdiction. The Court therefore lacks subject matter jurisdiction over this action and Plaintiff's request to proceed IFP should be denied.

First, "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" <u>Gunn v. Minton</u>, 568 U.S. 251, 256 (2013) (quoting <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994)). The Court may dismiss a case summarily if there is an obvious jurisdictional issue. See <u>Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.</u>, 336 F.3d 982, 985 (9th Cir. 2003) (if dismissal is for lack of subject matter jurisdiction, a party is not entitled "to notice and an opportunity to respond"). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." <u>Stevedoring Servs. of Am., Inc. v. Eggert</u>, 953 F.2d 552, 554 (9th Cir. 1992). Further, a plaintiff must present a substantial federal question on the face of a complaint. See <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998); <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1086 (9th Cir. 2009). In addition, a "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction. <u>Leite v. Crane Co.</u>, 749 F.3d 1117, 1121 (9th Cir. 2014). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" are insufficient to "raise a substantial federal question for jurisdictional purposes." <u>Shapiro v. McManus</u>, 577 U.S. 39, 45-46 (2015).

ATTACHMENT TO REQUEST TO PROCEED IN FORMA PAUPERIS
(FORM CV-73)

Here, it is not clear to the Court what claim or claims Plaintiff is purporting to raise against what defendant on what legal grounds. Plaintiff names only "Countrywide" as a respondent or defendant, without providing a full name or address for this entity. "Countrywide" does not appear to be a federal, state, or local official or agency. Plaintiff appears to allege that this Court has jurisdiction pursuant to "Miranda v Arizona, 384 U.S. 436" and "Boyd v. U.S., 116 U.S. 616," and he "invokes rights protected" by the First Amendment, the Fourteenth Amendment, Title 42 of the United States Code, and "28 § 453." (Dkt. No. 1 at 2, 12-13). The United States Supreme Court case Miranda v. Ariz., 384 U.S. 436 (1966), reviewed a judgment of the Supreme Court of Arizona, and it did not concern the jurisdiction of a federal district court. Similarly, Boyd v. United States, 116 U.S. 616 (1886), arose from a state court criminal action. Neither of these Supreme Court cases provide a basis for original subject matter jurisdiction for an action brought in a United States district court. Plaintiff's reference to "28 § 453" is ambiguous. To the extent he intends to cite "28 U.S.C. § 453," this is a statute pertaining to oaths taken by judges of the United States. Again, this does not concern the original jurisdiction of this Court. Nor does Plaintiff's reference to the First and Fourteenth Amendments suffice. Plaintiff may not raise a civil rights claim directly under the Constitution. Rather, he must allege constitutional violations using 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); Blessing v. Freestone, 520 U.S. 329 (1997) ("In order to seek redress through § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." (emphasis in original)). In this action, Plaintiff seeks a "writ of mandamus" ordering a "U.S. Attorney's Office" to investigate illegal activity and "determine what liability Countywide has to petitioner." (Dkt. No. 1 at 12). Most of the factual allegations appear to concern events that relate to real property located in North Carolina, many from 2003 through 2011. Plaintiff alleges that unspecified individuals or "people in NC" "stole" his home or homes. (*Id.* at 12). Plaintiff's pleading fails to meet his burden of presenting a basis for the Court's jurisdiction on its face.

Second, Plaintiff's first page of his pleading states that he is seeking "'Writ of Mandamus' appropriate relief." (Dkt. No. 1 at 1). In his request for relief, Plaintiff "moves" the Court for a "Writ of Mandamus ordering the Navda [sic] U.S. Attorney's . . . to investigate said illegal activity." (*Id.* at 12). To the extent that Plaintiff intended his pleading to be a mandamus action pursuant to 28 U.S.C. § 1361, district courts have original jurisdiction over mandamus actions seeking

ATTACHMENT TO REQUEST TO PROCEED IN FORMA PAUPERIS
(FORM CV-73)

"to compel an *officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff." (Emphasis added). The Supreme Court, however, has instructed that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980); see also Miller v. French, 530 U.S. 327, 339 (2000) ("mandamus is an extraordinary remedy that is granted only in the exercise of sound discretion") (internal quotation marks omitted). Mandamus is available to compel a federal official or employee to perform a duty only if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (citing Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998)); see also Heckler v. Ringer, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). Here, to the extent that Plaintiff is seeking to have the Court compel an unidentified United States Attorney General to conduct an investigation and to interview Plaintiff (Dkt. No. 1 at 12), Plaintiff's pleading fails to meet any of the criterion for an action pursuant to 28 U.S.C. § 1361. Plaintiff does not name a United State employee or official in this action, does not allege a clear and specific claim that can be enforced by a specific federal official's nondiscretionary and ministerial duty, and also does not allege the basis for any nondiscretionary duty owed to him by any United State employee or official. Further, Plaintiff does not allege that he has exhausted all other avenues of relief and has no other remedy available. Accordingly, the pleading fails to establish jurisdiction under 28 U.S.C. § 1361.

Third, Plaintiff alleges the entitlement of his minor children to seek relief. A *pro se* plaintiff, however, does not have standing to vicariously assert the constitutional claims of others (even minor children). See Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney may appear *pro se* on his or her own behalf but "has no authority to appear as an attorney for others"); Local Rule 83-2.2.2 ("Only individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may

appear in any action or proceeding unless represented by an attorney permitted to practice before this Court.").

Fourth, to the extent that Plaintiff may be purporting to allege jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, Plaintiff's pleading does not reflect that each defendant's domicile is in a state different from Plaintiff's domicile in South Carolina. Rather, Plaintiff appears to be alleging that the events giving rise to the alleged injuries took place in, and were caused by individuals who at the time of the alleged events resided in, South Carolina. Diversity jurisdiction requires that the "citizenship of each plaintiff is diverse from the citizenship of *each* defendant." Demarest v. HSCB Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir. 2019) (emphasis added) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Accordingly, this action may not be maintained in this Court on the basis of diversity jurisdiction.

Fifth, Plaintiff references an attached exhibit as pertaining to a check that was "paid out of the Countrywide Settlement." (Dkt. No. 1 at 13). A document filed with the pleading that is labeled "Exhibit A" references a check that was "issued pursuant to the terms of the class action Settlement" in Case No. 2:13-cv-08833-CAS-AGR. (Dkt. No. 1 at 16). This exhibit directs questions to a Settlement Administrator in Portland, OR. (*Id.*). The exhibit appears to reference Case No. 2:13-cv-08833-CAS-AGR from the Central District of California. That action, which was a class action against Countrywide Financial Corporation, was closed July 16, 2020. The District Court's Final Judgment in that action approved a Settlement Agreement among the parties and dismissed the action with prejudice. The Judgment is binding on all pending and future lawsuits or other proceedings concerning any related claims. (See Case No. 2:13-cv-08833-CAS-AGR, Dkt. No. 500). Accordingly, to the extent that Plaintiff is purporting to raise any claim in this action arising from the distribution of funds pursuant to the Settlement Agreement in Case No. 2:13-cv-08833-CAS-AGR, the Court no longer has jurisdiction over such dispute.

Sixth, Plaintiff's pleading sets forth factual allegations concerning and against an individual named "Sardia Marie Hankins" (Dkt. No. 1 at 3-7), an attorney (*id.* at 3-6), a loan officer (*id.* at 3-6), and "family" companies (*id.* at 4). All of these individuals or entities, to the extent they could be named as defendants in this action, are private parties or entities and not employees, agents, or agencies of a state or local government. To the extent that Plaintiff is purporting to allege a

ATTACHMENT TO REQUEST TO PROCEED IN FORMA PAUPERIS
(FORM CV-73)

claim pursuant to 42 U.S.C. § 1983 under the First or Fourteenth Amendments, in order to state a federal civil rights claim against a defendant, Plaintiff must allege that a specific defendant, while *acting under color of state law*, deprived him of a right guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff does not name any defendant in this action who was acting under color or law.  "Section 1983 liability extends to a private party [only] where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States."  Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002).  In addition, the "color of law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  Because Plaintiff may not raise any claim pursuant to § 1983 against individuals who are not acting on behalf of a state or local government entity, the pleading fails to allege more than a wholly insubstantial claim pursuant to § 1983.

     Seventh, Plaintiff alleges he is "entitled to relief pursuant to 18 U.S.C. 1964(c)."  (Dkt. No. 1 at 8).  This is a provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO") specifying that a person injured by a violation of 18 U.S.C. § 1962 may seek damages in an appropriate United States district court.  Plaintiff does not purport to raise a civil claim against the only named defendant or respondent in this action, Countrywide, under RICO.  Plaintiff's pleading does not set forth sufficient factual allegations to establish any element of a RICO claim including that an organized "enterprise" engaged in a pattern or "scheme" of specified acts with a common purpose.  See, e.g., Eclectic Props. East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 997-99 (9th Cir. 2014).  Accordingly, Plaintiff's pleading does not raise a claim that is more than wholly insubstantial pursuant to RICO.

     The Court is mindful that a *pro se* litigant need not set forth a complete "legal theory supporting the claim" in order to proceed with a claim.  See Johnson v. City of Shelby, 574 U.S. 10, 11 (2014).  Even a *pro se* plaintiff, however, must allege a minimum factual and legal basis sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. U. S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).  After careful review, the Court finds that Plaintiff's pleading lacks an arguable basis in either fact or law.  In addition, Plaintiff's factual allegations fall far short of raising

**ATTACHMENT TO REQUEST TO PROCEED IN FORMA PAUPERIS**
**(FORM CV-73)**

a purported right to relief on any federal claim beyond the speculative level.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, the pleading fails to state a federal claim on which relief may be granted against any defendant. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989) (claims may be dismissed where they describe "fantastic or delusional scenarios").

      Finally, even if Plaintiff were able to amend his factual allegations to allege a basis for the Court's jurisdiction, venue for this action is not proper in the Central District of California.  Plaintiff resides in South Carolina.  The factual allegations in the pleading appear to pertain to real property located in South Carolina.  Plaintiff does not provide an address for "Countrywide," but this entity is not alleged to have taken any relevant action in the Central District of California.  Pursuant to 28 U.S.C. § 1391(b), venue for a civil action such as this properly lies only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property this is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

None of these three criteria apply to Plaintiff's pleading.  Accordingly, venue is not proper for this action in the Central District of California.